<u>NOT FOR PUBLICATION</u>

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

_____
                                    :
MARCO ANTONIO-VILLALBA,             :
                                    : Civil Action No. 12-7779 (RMB)
            Petitioner,             :
                                    :
      v.                            :
                                    :
JORDAN R. HOLLINGSWORTH,            :
                                    :
            Respondent.             :
_____:____
                                    :
RAMON PEREZ-MEJIAS,                 :
                                    : Civil Action No. 12-7836 (RMB)
            Petitioner,             :
                                    :
      v.                            :
                                    :
JORDAN R. HOLLINGSWORTH,            :
                                    :          <u>OPINION</u>
            Respondent.             : <u>APPLIES TO BOTH ACTIONS</u>
_____:____

**Bumb**, District Judge:

    These two matters come before the Court upon motions filed by Marco Antonio Villalba ("Villalba") and Ramon Perez Mejias ("Mejias," hereinafter collectively "Petitioners"). The motions are seeking reconsideration of the Court's denial of Petitioners' § 2241 applications for lack of jurisdiction.

    The facts of both matters have already been established and are not in dispute. Both Petitioners are federal inmates confined at the FCI Fort Dix, New Jersey, and both entered guilty pleas with regard to drug-trafficking offenses conducted in

international waters. Specifically, Villalba pled guilty to such conduct committed 28 miles off the coast of Colombia, while Mejias pled guilty to such conduct committed 30 miles off the coast of the Dominican Republic.

When the Court of Appeals for the Eleventh Circuit in <u>United States v. Bellaizac-Hurtado</u>, 700 F.3d 1245 (11th Cir. 2012), reversed a certain criminal defendant's conviction on direct appeal, and interpreted the Maritime Drug Law Enforcement Act ("MDLEA"), 94 Stat. 1159, 46 U.S.C. App. § 1901 <u>et seq.</u>, as extending the United States penal jurisdiction solely to drug trafficking activities taking place outside foreign territorial waters, both Petitioners filed their respective § 2241 petitions seeking <u>vacatur</u> of their convictions and sentences under the holding of <u>Bellaizac</u>.

This Court, in substantively identical decisions, dismissed these petitions. See <u>Antonio-Villalba v. Hollingsworth</u>, 2013 U.S. Dist. LEXIS 75837 (D.N.J. May 29, 2013); <u>Perez-Mejias v. Hollingsworth</u>, 2013 U.S. Dist. LEXIS 88937 (D.N.J. June 25, 2013). Each of the Court's rulings: (a) opened with the paragraph containing a sentence reading, "Having thoroughly reviewed the Petition, this Court will summarily dismiss [it]"; and (b) found lack of § 2241 jurisdiction over Petitioners' applications in light of § 2255 being not an "inadequate or

2

ineffective" vehicle to test the legality of their detentions.[1] Both Petitioners sought reconsideration by raising virtually identical challenges.[2]  Specifically, Villalba asserted that this Court improperly stated that it thoroughly reviewed Villalba's petition since the Court's opinion dismissing Villalba's application did not addressed his "universal jurisdiction" argument; Mejias, too, asserted the same "universal jurisdiction" argument, albeit without alleging that the Court erred in its statement that it thoroughly reviewed Mejias' petition.

The best this Court can surmise, Petitioners' references to "universal jurisdiction" was intended to assert, initially and in their instant motions, that this Court should have expanded the holding of Bellaizac so to negate the United States jurisdiction

---

[1]  In addition, with respect to Mejias, the Court pointed out that "Petitioner was not even sentenced in the Eleventh Circuit; he was sentenced in the District of Puerto Rico, which is under the jurisdiction of the First Circuit."  Mejias, 2013 U.S. Dist. LEXIS 88937, at *6.

[2]  The first decision issued in this District with regard to a § 2241 Bellaizac-based challenge noted:

> It is an unfortunate reality of prisoners' litigation that this area of law is particularly amenably to "fad suits," since the news of a judicial decision perceived by inmates as favorable to incarcerated individuals tends to spread throughout prison facilities like wild fire, causing prisoners to commence scores of merely hope-driven, poorly thought-through actions: until . . . the next fad grabs the prisoners' attention.

Ortiz-Dominguez v. Hollingsworth, 2013 U.S. Dist. LEXIS 5605, at *1 (D.N.J. Jan. 11, 2013).  The motions at bar, seem to fit this observation.

as to all drug-trafficking activities outside the United States geographical jurisdiction, regardless of whether these offenses were conducted on high seas on in foreign territorial waters, i.e., to effectively find the MDLEA unconstitutional in its entirety.[3]  See generally, Antonio-Villalba v. Hollingsworth, Civil Action No. 12-7779, Docket Entry No. 12; Perez-Mejias v. Hollingsworth, Civil Action No. 12-7836, Docket Entry No. 8.

Petitioners' position to that effect was and is unavailing.[4] A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)

---

[3]  Mejias also alleged that a declination to so expand Bellaizac would amount to a miscarriage of justice.

[4]  While Villalba expressed displeasure with this Court's election not to discuss his "universal jurisdiction" argument in connection with screening Villalba's § 2241 petition, "the court has no duty to address every frivolous argument made by a litigant." Zimmerman v. United States, 2000 U.S. Dist. LEXIS 15101, at *2 (E.D. Cal. 2000) (citing Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir. 1993)).

(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). Thus, "[t]o support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Assoc's of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998).  Importantly, [i]n the context of a motion to reconsider, the term "manifest injustice" . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco, that is, the need "to correct manifest errors of law or fact upon which the judgment was based." Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'"  Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)).  "Most cases, therefore, use the term 'manifest injustice' to describe the result of a plain error."  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996). The fact that the litigant complains about his . . . criminal prosecution (e.g., on the grounds of the litigant's belief that such prosecution [was] wrongful), does not inject the danger of

"manifest injustice" into the decision of the court performing collateral review.  This very issue [was resolved] by the Court of Appeals in Duran v. Thomas, 393 F. App'x 3 (3d Cir. Aug. 27, 2010).  See also In re Telfair, 745 F. Supp. 2d 536, 561 (D.N.J. 2010)(citations omitted).

Petitioners here do not offer the Court a viable basis for vacating its prior decisions.  Neither Villalba nor Mejias asserted an error or law or fact, or an intervening change in prevailing law, or any newly discovered evidence.  Rather, each asserts his preference for an expansive reading of Bellaizac so to render the MDLEA unconstitutional in its entirety.  Yet, such reading would be at odds with the Court of Appeals for the Third Circuit's holding in United States v. Martinez-Hidalgo, 993 F.2d 1052 (3d Cir. 1993), cert. denied, 510 U.S. 1048 (1994).

In Martinez-Hidalgo, the Court of Appeals implicitly upheld application of the MDLEA to the offenses conducted on high seas when it pointed out that no nexus to the United States was needed to exercise United States penal jurisdiction (under the MDLEA) over the drug-trafficking activities committed in international waters.  See id.  Thus, the narrow holding of Bellaizac, being limited solely to the offenses committed in foreign territorial

waters, cannot be expanded in the fashion argued for by Petitioners.[5]

In light of the foregoing, Petitioners' motions warrant no vacatur of this Court's prior decisions, just as Petitioners' original positions warranted no habeas relief.  Accordingly, the Court will grant Petitioners' motions in form and will deny them in substance.  See Pena-Ruiz v. Solorzano, 281 F. App'x 110, 111, n.1 (3d Cir. 2008) (a motion for reconsideration should be deemed "granted" when the court addresses the merits of that motion, but the very fact of the court's review does not prevent the court from reaching a disposition identical, either in its rationale or in its outcome, or in both regards, to the court's prior decision).  The Court's dismissal of Petitioners' § 2241 applications for lack of jurisdiction will remain in full force.

An appropriate Order follows.

    s/Renée Marie Bumb
    RENÉE MARIE BUMB,
    **United States District Judge**

Dated: October 10, 2013

---

[5] Moreover, it is unlikely that the Court of Appeals for the Third Circuit would adopt the holding of Bellaizac-Hurtado if presented with the scenario where a litigant committed a drag trafficking offense in foreign territorial waters.  See Munoz-Valdez v. Hollingsworth, 2013 U.S. Dist. LEXIS 76445, at *9-15 (D.N.J. May 31, 2013) (extensively detailing the same).